UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Stanley W. Perry, | ) | Case No. 3:08CV921 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| Perry Farms, Inc., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

Now come Defendants, Perry Farms, Inc., Per-Co, Ltd., North-Cross Development Co., Ltd., Jimmie W. Perry, C.B.A. Leasing, Ltd., B.C.A. Express Co., Ltd., B.D.P. of Northwest Ohio, L.L.C., and Soil Enrichment Materials Co., Ltd., through counsel, and respectfully move the Court for Summary Judgment dismissing, with prejudice, Plaintiff Stanley W. Perry's claims against the Defendants.

The reasons for Defendants' request are set forth in the attached Memorandum. An Affidavit of Defendant, Jimmie W. Perry, is attached and incorporated herein by reference. Depositions of Stanley Perry, Terry Perry, Cynthia Dress, and Melva Perry that were taken in the prior case in Lucas County Common Pleas Court have been filed contemporaneously with the Court and are also incorporated herein by reference.

DATED:  February 4, 2009

/s/ Martin J. Holmes, Sr.
Martin J. Holmes, Sr. (0021002
*Attorney for Defendants*

**MEMORANDUM**

On February 28, 2003, the Plaintiff, Stanley W. Perry, filed a Complaint in the Lucas County Common Pleas Court claiming that Defendant, Jimmie W. Perry and as the majority shareholder of the various Defendant business entities breached their fiduciary duty to Stanley Perry, as a minority shareholder.  During extensive discovery from 2003 through 2007, Stanley Perry did not produce any documents supporting his claims.  During his deposition on March 20, 2006, Stanley Perry was not able to state with particularity the basis for any of his claims. Defendants moved for Summary Judgment.  Prior to disposition of Defendant's Motion for Summary Judgment, Stanley Perry moved to dismiss his original state-court Complaint, without prejudice, and eventually re-filed his Complaint in this Court under the Court's diversity jurisdiction.

Summary judgment is appropriate in this case because Stanley Perry has failed to produce any admissible evidence that Jimmie Perry and as majority shareholder breached his fiduciary duty to him, has failed to produce any evidence that any actions taken by Jimmie Perry and the Defendant business entities were done so without a legitimate business purpose, and has failed to produce any evidence of damages.  Moreover, Stanley Perry has failed to establish that his claims were appropriately brought in a direct, as opposed to a derivative, action.

**STATEMENT OF FACTS**

The Plaintiff, Stanley W. Perry, is the eldest son of the Defendant, Jimmie W. Perry. The various Defendant business entities Perry Farms, Inc. ("Perry Farms"), Per-Co., Ltd. ("Per-Co"), North-Cross Development Co., Ltd. ("North-Cross Development"), and B.D.P. of Northwest Ohio, LLC ("BDP") are closely-held business entities owned and operated by the Perry family.  Soil Enrichment Materials Co., Ltd. ("SEMCO") is owned by Brad Bowers, Lori

2

Bowers, and Jim Perry.  With the exception of SEMCO and Per-Co, the business entities were formed for the general purpose of real estate investment and development. SEMCO was formed for the purpose of securing municipal contracts for the disposal and re-use of municipal waste products for agricultural use.

Over the years, Jimmie Perry and his then-wife, Melva J. Perry, gifted shares of the businesses' stock to each of their six children, as well as their respective spouses and children. See Plaintiff's Deposition, p. 7; Terry Perry Deposition, pp. 12-13.  As a result, Jimmie Perry, his six children, and their respective family members are the shareholders, directors, officers, and/or members of the various business entities.  While members of the Perry family maintain important roles in each of the business entities, Jimmie Perry is the President (or Manager) of each business entity except SEMCO.  Jimmie Perry Affidavit, ¶¶. 2-4.

Jimmie Perry's actions on behalf of Perry Farms were approved by unanimous vote of the Perry Farms board of directors.  Id., ¶ 5.  Specifically, Perry Farms sold a farm, known as the Temperance Road farm, to BDP for purposes of development.  BDP could not develop the property and BDP then sold said property to Leslie Perry. Terry Perry Deposition, pp. 10-11; Cynthia Dress Deposition, pp. 8-9.  Perry Farms also sold two (2) additional farms to B.D.P. of Northwest Ohio.  Jimmie Perry Affidavit, ¶ 7.  Perry Farms also loaned Fifty Thousand Dollars ($50,000.00) to CBA Leasing, which CBA Leasing repaid.  Id., ¶ 8.

On February 28, 2003, Stanley Perry filed a Complaint in the Lucas County Common Pleas Court alleging that Jimmie Perry breached and violated his fiduciary duty to Stanley Perry, a minority shareholder and member of North-Cross Development.  The parties engaged in discovery from 2003 through 2007.  Stanley Perry did not produce any documentary evidence to support his claims.

At his deposition on March 20, 2006, Stanley Perry made numerous accusations against Jimmie Perry and the Defendant business entities, but he could not state with any particularity the basis for his accusations, the names of the persons that had supposedly provided information to him, or the documents he had supposedly seen. He could not substantiate his ownership interest in the various family businesses, admitted that he chose not to attend corporate and company meetings, and could not substantiate any of the allegations in his complaint.

Stanley Perry admitted that he did not attend Perry Farms shareholder meetings, even after receiving notice of the meetings. Stanley Perry Deposition, pp. 9-10. He was unsure whether Perry Farms created meeting minutes, or not. Id., p. 11. He could not say how many shares of stock he owned. Id. He could not recall whether he had received dividends from Perry Farms over the years, or not. Id., p. 12.

He was unsure if he presently had an ownership interest in Per-Co. Id. He said he did not think he had an ownership interest in Per-Co because he had not received any K-1 forms since 2002 or 2003, when he received one marked "final." Id., p. 14. He admitted he never talked to Jimmie Perry about the K-1 form marked "final." Id. He could not recall if he signed an operating agreement for Per-Co. Id., p. 13. He could not recall if he was a managing partner of Per-Co. Id., p. 16. He admitted he was notified of meetings, but did not attend any recent meetings. Id., pp. 16-17.

He was unsure what his ownership interest was in North-Cross Development. Id., p. 15. He was unsure if he signed an operating agreement for North-Cross Development. Id. He was unsure whether he was a managing partner of North-Cross Development. Id., p. 16. He admitted he was notified of meetings, but did not attend any recent meetings. Id., pp. 16-17.

When asked about his allegation that Jimmie Perry diverted assets from Perry Farms,

Stanley Perry claimed he believed or was told there were loans made to other entities.  Id., pp. 17-20.  He could not recall who told him about the loans.  Id.  He did not know the details of any such loan.  Id.  He admitted he did not know if Perry Farms sustained any loss from any such loans.  Id.  He did not know if any such loan was paid.  Id.  He never requested any information from Jimmie Perry about loans Perry Farms may have made.  Id.  Stanley Perry claimed he thought he saw some failed loans or investments reported in the Toledo Blade newspaper, but he could not recall what company received the loan.  Id., pp. 39-40.  He did not know if he was damaged by any loans.  Id., p. 37.

Stanley Perry also claimed that one of his siblings told him Perry Farms transferred money to BDP, but he could not recall who told him that.  Id. 20-21.  He did not know how much was supposedly transferred.  Id.  He admitted, "It's just a suspicion."  Id., p. 50.  He claimed he received information from "word of mouth" that Perry Farms transferred assets to SEMCO, but he could not recall who told him that.  Id., p. 21.  He admitted he had not seen any records documenting any transfers.  Id., pp. 21, 23.

He also claimed he was told that Per-Co and North-Cross transferred assets to other business entities, but he could not recall who told him, admitted he had not seen any documents, and could not state what specifically was transferred.  Id., pp. 23-25.  Stanley Perry claimed any such transfers were unlawful because "adequate records were unavailable" to him.  Id., p. 26.  He admitted, though, that he never requested any such records.  Id.

Stanley Perry claimed meeting minutes listed certain persons as attending a meeting they did not in fact attend.  Id., p. 27.  He later admitted he was told that, but he could not recall who told him that.  Id., pp. 40-41.

He could not recall what testimony Jimmie Perry provided that was supposedly false.  Id.,

5

pp. 41-44.  When pressed for details, Stanley Perry stated, "I can't at this time answer that."  Id.,

p. 42.  He could not recall any specific details about his claim that Jimmie Perry provided false

testimony.  Id., pp. 42-43.

He claimed he thought that Jimmie Perry made changes to ownership interests in the

various businesses "basically with a stroke of the pen."  Id., pp. 27-28.  He admitted he did not

actually know if Jimmie Perry made any such ownership changes.  Id.  When asked if he had

seen any record of ownership change, Stanley Perry claimed his belief was based on a "lack" of

records.  Id.

He claimed corporate and company documents were destroyed prior to filing the lawsuit,

but he could not recall the basis of that allegation.  Id., pp. 30-31.  After the lawsuit was filed, he

claimed documents were destroyed, but he could not recall the specific documents and claimed

they were "likely financial transaction documents."  Id.  He could not recall specific transactions.

Id.  He could not recall how he heard about documents supposedly being destroyed.  Id., p. 48.

He claimed Jimmie Perry hid corporate and company assets, but he could not recall what

information he had to substantiate that allegation.  Id., p. 31-33.  He then claimed that documents

substantiated his allegation but he could not recall who provided the documents to him.  Id.  He

could not state what Perry Farms assets were hidden.  Id.

Stanley Perry claimed Jimmie Perry sold a farm (known as the Bailey Road farm) owned

by Perry Farms to a friend of Jimmie Perry.  Id., pp. 34-37.  Stanley Perry admitted, though, that

he did not have the details of the sale and did not know if the farm was sold for less than fair

market value.  Id.  He did not know if he was damaged by the sale of the Bailey Road farm.  Id.

He claimed Perry Farms made distributions to all of the other shareholders in 2004 or

2005, except him.  Id., pp. 37-38.  He claimed there was a document that verified the

distribution, but could not recall what document it was or how he had seen it. Id. When asked if his siblings had told him about a distribution, he claimed, "I believe they did," but could not recall who told him that. Id. He claimed Perry farms "recharacterized" its capital ownership, but admitted he was not sure what he was talking about when he said that. Id., pp. 39-40.

He claimed that family members signed documents without understanding the document. Id., pp. 43-44. He could not recall any specific details as to that allegation. Id. At his deposition, Stanley Perry was unable to produce any documents, provide the name of a witness with personal knowledge, or otherwise substantiate the basis of his claims with admissible evidence.

On May 4, 2006, Jimmie Perry and the Defendant business entities moved the Lucas County Common Pleas Court for summary judgment requesting the court to dismiss Stanley Perry's claims. On, or about, April 11, 2007, Stanley Perry filed a Motion for Leave to Dismiss, requesting that his Complaint be dismissed, without prejudice. On April 16, 2007, the court granted Stanley Perry's Motion and ordered that the cause be dismissed without prejudice.

On April 10, 2008, Stanley Perry filed a Complaint in this Court, claiming diversity jurisdiction but otherwise making substantially the same allegations against Jimmie Perry and the Defendant businesses.

## LAW AND ARGUMENT

In a diversity jurisdiction case, the court must apply the federal procedural standard for summary judgment while applying the substantive law of the state in which the claim is made. Hisrich v. Volvo Cars of N. America, Inc., 226 F.3d 445, 449 (6th Cir., 2000). Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part, "A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on

all or part of the claim."

"[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir., 1994), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts show the existence of a genuine issue for trial. See Civ. R. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, *supra*.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Celotex Corp., *supra*. Evidence submitted in opposition to a motion for summary judgment must be admissible evidence, so hearsay evidence must be disregarded. U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1189 (6th Cir., 1997).

In this case, Stanley Perry claims that Jimmie Perry and the Defendant business entities breached their fiduciary duty to him as a minority shareholder. To succeed on a claim of breach of a fiduciary duty in Ohio, Stanley Perry must prove the existence of a duty arising from a fiduciary relationship, a failure to observe the duty, and an injury resulting proximately therefrom. Strock v. Pressnell, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988). Generally, majority shareholders have a fiduciary duty to minority shareholders in a closely held corporation. Crosby v. Beam, 47 Ohio St.3d 150, 108, 548 N.E.2d 217 (1989).

So, while Jimmie Perry may owe a fiduciary duty to Stanley Perry, Stanley Perry has failed to produce any admissible evidence that Jimmie Perry and as majority shareholder

breached his fiduciary duty to him, has failed to produce any evidence that any actions taken by Jimmie Perry and the Defendant business entities were done so without a legitimate business purpose, and has failed to produce any evidence of injury.  Moreover, Stanley Perry has failed to establish that his claims are appropriately raised in a direct, as opposed to a derivative, action.

**A.  <u>Stanley Perry has failed to produce any evidence that Jimmie Perry and the Defendant business entities breached their fiduciary duty to him</u>.**

Stanley Perry has made various claims, but he has not produced any admissible evidence to support his allegations.  He claims that Jimmie Perry and the Defendant business entities diverted assets, but he has not produced any evidence to substantiate that claim.  Specifically, he claims that Perry Farms made loans to other entities, but does not recall who told him about the loans, does not have any details about supposed loans, does not know if the loans were repaid, and does not know if Perry Farms sustained any loss from any such loans.

Stanley Perry claims he was told some of the business entities transferred money to other entities, but he could not recall who told him that, does not know how much was supposedly transferred, admitted that he had not seen any records of transfers, and that it was just a "suspicion."  Stanley Perry claims that Perry Farms sold a farm known as the Bailey Road farm. He admitted that he did not know any of the details about the sale and whether the farm was sold for fair market value.

Further, Stanley Perry has not produced any admissible evidence that Jimmie Perry or the Defendant business entities altered corporate or company records.  Stanley Perry claims that Jimmie Perry altered corporation and company meeting minutes to show that certain persons attended when they, in fact, did not.  Stanley Perry could not recall who told him that.

Stanley Perry has not produced any evidence that Jimmie Perry provided false testimony. Stanley Perry claims that Jimmie Perry provided false testimony, but could not recall any

9

specific details about his claim and, when pressed for details, admitted, "I can't at this time answer that."

Stanley Perry has not produced any evidence that Jimmie Perry or the Defendant business entities divested him of his ownership shares.  He claims that Jimmie Perry changed ownership interests "with a stroke of the pen," but does not actually know if any such ownership changes were made.  He admitted he did not have any records of ownership changes and that his assumption was based on a "lack" of records.

Stanley Perry has not produced evidence that the Defendant business entities made distributions to other shareholders, except him.  He claims that Perry Farms made distributions in 2004 or 2005 to other shareholders, but that he did not receive any distribution.  He claimed he saw a document verifying this distribution, but could not recall when or how he saw that document.  He also claimed that a sibling had told him about the distribution, but could not recall which sibling told him that.  Two of his siblings provided depositions, but neither testified they received any distribution from Perry Farms in 2004 or 2005.

Moreover, although access to company books alone may not negate a fiduciary duty, the duty to disclose is limited where the party complaining knew, or should have made reasonable attempts to discover such information.  Binsack v. Hipp, 1998 WL 334223 (6th Dist., 1998).  In Binsack, the court affirmed the trial court's grant of summary judgment dismissing the minority shareholder's breach of fiduciary duty claim where the minority shareholder provided no proof that the majority used their control to conceal that the stock had a value greater than she thought when she sold it back to the company.  In this case, Stanley Perry chose not to attend corporation and company meetings and chose not to otherwise participate in the family businesses.  Two of his siblings that provided depositions testified that they participated in the businesses and did not

object to the actions taken by Jimmie Perry or the business entities.

Stanley Perry has not produced any documents or provided the name of any witness with personal knowledge that would establish the basis of any of his claims that Jimmie Perry and the Defendant business entities breached their fiduciary duty to him.

**B.  Stanley Perry has failed to produce any evidence that any actions of Jimmie Perry and the Defendant business entities were done without a legitimate business purpose.**

In Crosby v. Beam, *supra*, the court held that a minority shareholder in a close corporation may have a cause of action against a majority shareholder for a breach of fiduciary duty if there was not a legitimate business purpose for the actions of the majority shareholder.  In Thomas v. Fletcher, 2006- Ohio- 6683 (3rd Dist.), the court affirmed the trial court's grant of partial summary judgment dismissing, in part, a claim against one shareholder ("Thomas") in a close corporation, who was the sole owner of the property where the restaurant was located, and who had attempted to negotiate a rent increase with the other shareholders of the restaurant.  The court stated, "the key issue is not whether Thomas's proposed lease offer was in fact commercially reasonable, but rather, whether Thomas's negotiations over the lease renewal lacked good faith."

In this case, Stanley Perry has failed to produce any evidence that the actions taken by Jimmie Perry and the Defendant business entities lacked good faith.  As stated above, Stanley Perry has not produced any documents or the names of any witnesses to support his allegations. He claims that there were loans, diversion of assets from the businesses, and sales of farms, but he does not know the details of any such transactions and whether any such transactions adversely affected the businesses.  Stanley Perry chose not to participate in the decisions of the family business entities.  He chose not to attend corporation and company meetings, despite

being notified of meeting. He also chose not to discuss his claims with Jimmie Perry. As a result, he cannot establish whether any such transaction lacked good faith.

On the other hand, all of Jimmie Perry's actions on behalf of the business entities were done with the unanimous approval of the board of directors. Moreover, two of Stanley Perry's siblings, Terry Perry and Cynthia Dress, testified that they did not object to the actions taken by Jimmie Perry or the business entities.

### C. Stanley Perry has failed to produce any evidence establishing how he was damaged by Jimmie Perry and the Defendant business entities.

Stanley Perry has also failed to produce any evidence specifying how he was injured by Jimmie Perry and the Defendant business entities. He could not say how many shares of Perry Farms stock he owned and did not know whether he had a present ownership interest in Per-Co and North Cross Development. He admitted that he had little recent involvement because he chose not to attend corporation and company meetings, despite receiving notice of the meetings. He could not recall if he reviewed and signed any operating agreements. He admitted that he had not contacted Jimmie Perry to discuss his various claims.

When Stanley Perry filed his initial Complaint in the Lucas County Common Pleas Court, he claimed damages in excess of fifty thousand dollars ($50,000.00). When he refilled his Complaint with this Court, he then claimed damages in excess of one-hundred thousand dollars ($100,000.00). Stanley Perry has not substantiated his increased damages claim, nor has he produced any documents, records, or testimony evidencing the basis of his claim for damages.

### D. Stanley Perry has failed to establish the basis for a direct action.

Stanley Perry has further failed to establish the basis for a direct action, as opposed to a derivative shareholder action. In Crosby v. Beam, *supra*, the Ohio Supreme Court held that a minority shareholder could bring a direct action if the minority shareholder is injured in a way

12

that is "separate and distinct" from an injury to the corporation.  See Id. at 107.

To determine whether a direct claim is appropriate, a court must determine if the "pleadings state injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole." Weston v. Weston Paper & Mfg. Co., 1994 Ohio App. LEXIS 2022 (unreported), *aff'd* 74 Ohio St.3d 377 (1996).  Not every allegation of wrongdoing is sufficient to maintain a claim of individual injury. Id. at 10.

Stanley Perry has failed to establish the basis for his direct action against Jimmie Perry and the Defendant business entities because he has not produced any evidence that he was deprived of an investment in the business entities, that he was deprived of an equal opportunity to benefit, and that the his alleged injuries are separate and distinct from any alleged injury to the corporation or company.

Stanley Perry has not produced any evidence specifying how he was deprived of an investment in the business entities.  Stanley Perry received his ownership interests in the business entities from his parents as a gift and has not made any out-of-pocket investment in the business entities.  He and two of his siblings testified that Jimmie Perry and his former-wife gifted ownership in the various family business entities to them and their families.  Stanley Perry admitted that he has not made any out-of-pocket investment in any of the Defendant business entities.  He could not even recall what his ownership interest was in any of the Defendant business entities.

Moreover, he has not produced any evidence specifying how he was deprived of an equal opportunity to benefit from the business entities.  Stanley Perry chose not to participate in the business entities.  Despite receiving notice of various corporation and company meetings, he chose not to attend.  Two of his siblings that provided depositions testified that they did not

object to the various actions and transactions of the business entities. Jimmie Perry's actions on behalf of the business entities were done so with the unanimous approval of the board of directors. Stanley Perry also admitted that he never attempted to discuss his various claims with Jimmie Perry.

At his deposition, Stanley Perry claimed specifically that he did not receive a distribution that other shareholders received, but he could not recall what documents stated that or how he had seen the document. Two of his siblings provided depositions, but they did not testify to receiving any distribution. In fact, Terry Perry testified that he felt he was treated fairly by Jimmie Perry.

Finally, Stanley Perry has not produced any evidence that his alleged injuries are separate and distinct from any alleged injury to the corporation and company. His claims, if believed, would affect all minority shareholders in a closely-held business and would not be limited only to Stanley Perry. His claims that Jimmie Perry and the business entities diverted assets, if believed, would affect all shareholders, as would his claims that Jimmie Perry and the business entities made loans that have not been repaid or sold property for less than market-value.

In Weston, the Ohio Supreme Court stated that claims of dilution of ownership could be brought directly by an injured shareholder only if the individual shareholder has "concrete and definite expectations which were interfered with by the alleged wrongdoing of the defendants." Id. at 13. Stanley Perry has failed to produce any evidence as to how he was injured by Jimmie Perry and the business entities, let alone evidence of "concrete and definite" expectations. He did not attend corporation or company meetings, did not know the details of any supposed loans or sales of property, and could not recall what documents or persons supported his various claims. He could not even state his current ownership interest in the various family business

14

entities.

## CONCLUSION

Stanley Perry has failed to produce any admissible evidence that Jimmie Perry breached his fiduciary duty to him.  He has failed to produce any evidence that any actions taken by Jimmie Perry and the Defendant business entities were done so without a legitimate business purpose.  He has failed to produce any evidence of injury.  Moreover, Stanley Perry has failed to establish that his claims were appropriately brought in a direct, as opposed to a derivative, action.  Accordingly, Jimmie Perry and the Defendant business entities respectfully request that the Court find that Stanley Perry has failed to produce sufficient evidence and grant them summary judgment dismissing, with prejudice, his claims against them.

DATED:  February 4, 2009

/s/ Martin J. Holmes, Sr.
Martin J. Holmes, Sr. (0021002
SHINDLER, NEFF, HOLMES, SCHLAGETER
& MOHLER, LLP
1200 Edison Plaza, 300 Madison Avenue
Toledo, Ohio 43604
Phone:  419/243-6281
Fax:     419/243-0129
Email: mjhsr@snhslaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing Defendants' Motion for Summary Judgment was sent to:     John J. McHugh, Esquire
McHugh DeNune & McCarthy, Ltd.
5580 Monroe Street
Sylvania, OH 43560-2538
(419) 885-3597
FAX: (419) 885-3861
Attorney for Plaintiff, Stanley W. Perry

DATED:  February 4, 2009

/s/ Martin J. Holmes, Sr.
Martin J. Holmes, Sr.
*Attorney for Defendants*